```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
SONYA MEDINA WRIGHT o/b/o K.M.,

                    Plaintiff,              11-CV-6226T

       v.                                   ORDER

MICHAEL J. ASTRUE,
Commissioner of Social Security

                    Defendant.
_____
```

## INTRODUCTION

Sonya Wright ("Plaintiff"), on behalf of her minor son ("K.M."), brings this action pursuant to Title XVI of the Social Security Act, seeking review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for Supplemental Security Income ("SSI"). Plaintiff alleges that the decision of the Administrative Law Judge ("ALJ"), John Costello, was not supported by substantial evidence in the record and was based on erroneous legal standards.

Plaintiff moves for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rule of Civil Procedure ("Rule 12(c)") seeking to reverse the judgement of the Commissioner and remand for calculation of benefits, or alternatively, for further administrative proceedings. The Commissioner opposes the motion and cross-moves for judgment on the pleadings. For the reasons set forth below, this Court finds that the Appeals Council erred in denying review of the ALJ's determination without explaining why additional evidence submitted by the Plaintiff to the Council was rejected. Further, after considering the whole record including

the additional evidence, this Court finds that the record supports a finding of disability. Therefore, this claim is remanded to the Commissioner for calculation and payment of benefits.

## **BACKGROUND**

Plaintiff, on behalf of K.M., filed an application for supplemental security income benefits on September 17, 2007 alleging disability due to behavioral and emotional problems with an onset date of September 1, 2007. Transcript of the Administrative Proceeding at 101-02 (hereinafter "T."). The claim was initially denied on January 23, 2008. (T. 64-67). Plaintiff then timely filed a written request for a hearing before an ALJ. (T. 68-69). Plaintiff and K.M. appeared for a hearing held on June 23, 2009 in Rochester, New York. (T. 27-62).

In a decision dated October 26, 2009, the ALJ found that K.M. was not disabled within the meaning of the Social Security Act. (T. 14-26). Plaintiff requested review of the ALJ's decision on November 20, 2009. (T. 9-10). The Appeals Council denied Plaintiff's request on December 14, 2010, rendering the ALJ's decision the final decision of the Commissioner. (T. 1-5). Plaintiff subsequently filed this action on April 28, 2011.

**DISCUSSION**

I. *Jurisdiction and Scope of Review*

42 U.S.C. § 405(g) grants the district courts jurisdiction over claims based on the denial of Social Security benefits.  When considering these cases, this section directs the court to accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record.  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Metropolitan Stevedore Co. v. Rambo, 521 U.S. 121, 149, 117 S. Ct. 1953, 138 L. Ed. 2d 327 (1997) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229, 59 S. Ct. 206, 83 L. Ed. 126 (1938)).  The Court's scope of review is limited to whether the Commissioner's findings were supported by substantial evidence in the record, and whether the Commissioner employed the proper legal standards in evaluating the claim. Green-Younger v. Barnhard, 335 F.3d 99, 105-06 (2d Cir. 2003).  The Court must "scrutinize the record in its entirety to determine the reasonableness of the decision reached." Lynn v. Schweiker, 565 F. Supp. 265, 267 (S.D. Tex. 1983).  Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, judgment on the pleadings may be granted "where the material facts are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings." Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639, 642 (2d Cir. 1988).

**II. *The Commissioner's decision to deny benefits is not supported by substantial evidence in the record and contains errors of law.***

K.M. was born on December 8, 1993. (T. 53). He is now the oldest of seven children. (T. 43). In 2003, K.M. was removed from his mother's care after allegations of neglect and substance abuse. (T. 263, 441). Between 2003 and 2007, K.M. was in at least five different foster homes. (T. 262). In the first home, his foster mother had a heart attack. (T. 263). In the second, his brother suffered third degree burns. In the third, K.M. was beaten with a belt. In the fourth, he was not given his medication. There are also indications that he may have been subjected to sexual abuse.

Between April 2005 and May 2007, K.M. was under the medical care of Psychiatrist Thomas Gift, M.D., and Therapist Judith Lundquist, LCSW-R, at the Catholic Family Center ("CFC"). (T. 271-83, 293-344). K.M. was diagnosed with attention deficit hyperactivity disorder ("ADHD"), oppositional defiant disorder ("ODD"), and possible post-traumatic stress disorder ("PTSD"). (T. 264).

After being returned to his mother's care in April 2007, Plaintiff re-enrolled K.M. with CFC. (T. 262, 355). She was concerned about the effect of the death of K.M.'s grandmother, who had died suddenly the previous month. She also was also troubled by K.M.'s impulsive behavior, fighting with his brother, and difficulties at school.

On October 22, 2007, Ms. Lundquist completed an intake summary noting that K.M. has normal intelligence and good energy but struggles with ADHD and PTSD from substantial neglect and multiple caretakers. (T. 263-65). He also withdraws, has anxiety in social

4

situations, and stutters. She notes he was currently prescribed Strattera. (T. 264). Between October 17 and December 10, 2007, Ms. Lundquist saw K.M. during bi-weekly sessions. (T. 283-87). K.M. told her that he was not taking his medications because he does not like the taste. (T. 287).

On January 12, 2008, Christine Ransom, Ph.D., a state agency consultant, conducted a psychiatric evaluation. (T. 245-48). Dr. Ransom reported that K.M. had average intelligence but poor judgment. (T. 347). In addition to ADHD, she diagnosed K.M. with a bipolar disorder, currently moderate, and she recommended intensive treatment for both.

Dr. Gift completed a disability questionnaire on January 30, 2008. (T. 350-56). He stated that the treating diagnosis was ADHD, disruptive disorder, and stuttering. (T. 350). He also indicated that K.M.'s communication skills and social and emotional skills were two years younger compared to his peers and that K.M. was very impulsive. (T. 351, 354).

Also on January 30, 2008, K.M.'s mother brought him to Strong Memorial Hospital because of behavioral problems related to ADHD. (T. 367-68). K.M. was seen by Dr. Jeremiah Cleveland, M.D., and Attending Physician Cynthia Rand, M.D. (T. 368). The doctors advised that psychiatry needed to be more involved because of "significant psychiatric issues beyond the primary care level." The doctors recommended that K.M. remain on Straterra.

Between February 2008 and July 2008, K.M. continued at CFC. His treatment plan noted problems with paying attention, overacting at

school and home, and difficulty relating to his brothers. (T. 413-14). His May 12, 2008 treatment plan review added a new issue of bad mood including isolating and possible unusual perceptions; K.M. had reported hearing voices. (T. 413, 426). CFC's final treatment plan review on August 10, 2008 stated that K.M. continued to decline medication and had became too impulsive and irritable to be seen at the office. (T. 408). Ms. Lundquist switched to home visits. In her notes, Ms. Lundquist reported that K.M.'s school grades were passing, but he had a week long suspension for hitting a teacher on the hand and another two day suspension for disruptiveness. (T. 423, 434).

On June 15 (father's day), 2008, K.M.'s father was murdered by gun shot. (T. 422). Ms. Lundquist noted that K.M. was anxious and sad over the death of his father.

Around the same time, K.M. started getting into trouble. On April 10, 2008, he broke into a junk yard and smashed some windows. (T. 509, 512). On August 7, 2008, he was caught shoplifting at JC Penney. (T. 538). On June 28, 2009, he stole a bicycle. (T. 466, 471). K.M. was put on probation. (T. 478-480, 491-493, 520-522).

A follow up visit with Dr. Rand on October 14, 2008 noted that K.M.'s behavior was not well-controlled. (T. 365). She advised that he should be restarted on Strattera; and because he would not take it at home, the school nurse should administer the medication.

On November 4, 2008, Hillside's Crestwood Children's Center completed an outpatient services evaluation. (T. 441-43). K.M.'s mother stated he was taking Straterra and that it was helping, but

6

his behavioral problems had worsened since the death of his father. Two days later, CFC terminated their involvement after K.M.'s mother failed to attend a home visit. (T. 400). They referred the case to the probation department.

A letter from K.M.'s school in February 2009 showed his grades were close to zero in all subject areas. (T. 182). Another letter, dated June 23, 2009, from Robert O'Brien, MS, a therapist at Hillside, indicated that K.M. had been in treatment since January for ADHD and ODD but he had kept only four of fourteen appointments. (T. 482-83). He stated that Marion Fitzsimmons, a psychiatric nurse practitioner, recommended that psychotropic medications may help K.M., but they could not be prescribed while he was using marijuana and alcohol.

The Social Security Disability administrative hearing was held on June 23, 2009 in Rochester, New York. (T. 14). Plaintiff was represented by her attorney, Jaya Shurtliff. Plaintiff testified that K.M.'s behavior changed after his father was killed and that his grades went from B's to F's. (T. 46). She also testified that K.M. stopped going to the Evelyn Brandon Center and the Hillside Center because the family was having a housing situation. (T. 37-38).

The ALJ reserved his decision for the submission of additional records. (T. 97). The record contained an intake assessment, dated July 31, 2009, for St. Joseph's Villa Residential Treatment Program. (T. 544-46). The ALJ's decision stated Plaintiff testified that K.M. only stayed there one day. (T. 20). However,

the hearing occurred more than a month before the intake evaluation. (T. 29, 544). The ALJ may have confused Plaintiff's testimony that K.M. stayed one day at the Westfall juvenile facility after his arrest. (T. 42).

The ALJ's decision denying Plaintiff's application for SSI benefits was dated October 26, 2009. (T. 26). On November 18, 2009, Plaintiff filed a Request for Review with the Appeals Council. (T. 9-10). Plaintiff submitted additional evidence to the Appeals Council including a medical source statement from Dr. Fleischnick, dated June 1, 2010, a letter from the Rochester City School District, dated October 13, 2010, and two letters from Plaintiff's representative. (T. 5). On March 2, 2011, the Appeals Council added this additional evidence to the record, and on the same day denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. (T. 1-5).

**A.** *Additional evidence submitted to the Appeals Council and entered into the record cannot now be rejected for being outside the relevant time period.*

The Commissioner's decision to deny benefits does not become final until the Appeals Council either renders its decision or denies review, thereby adopting the decision of the ALJ. See 20 C.F.R. § 416.1481; Perez v. Chater, 77 F.3d 41, 45 (2d Cir. 1996). In making its determination, the Appeals Council must review all the evidence in the administrative record and any additional evidence received. See 20 C.F.R. § 416.1479. Social Security regulations allow a claimant to submit additional evidence to the

Appeals Council in support of the Request for Review. See 20 C.F.R. §§ 416.1470(b), 416.1476(b)(1). The Appeals Council must accept the evidence so long as it is new, material, and relates to the period on or before the date of the ALJ's decision. See id. Additional evidence may relate to the relevant time period even if it concerns events after the ALJ's decision, so long as the evidence pertains to the same condition previously complained of. Cf. Brown v. Apfel, 174 F.3d 59, 64-65 (2d Cir. 1999) (considering evidence of symptoms that occurred six months after the ALJ's decision). If the evidence does not relate to the relevant time period, the Appeals Council must return the evidence to the claimant, issue an explanation why it was not accepted, and advise the claimant of the right to file a new application. 20 C.F.R. § 416.1476(b)(1). Additional evidence accepted by the Appeals Council becomes part of the administrative record and should be considered by a reviewing court. See Perez, 77 F.3d at 45.

In this case, the Appeals Council accepted two additional pieces of evidence into the record. (T. 5). The first is a Medical Source Statement by Dr. Fleischnick, M.D., dated June 1, 2010. The statement indicates that Dr. Fleischnick began treating K.M. in November 2009, the month after the ALJ's decision. (T. 26, 549). Dr. Fleischnick diagnosed K.M. with a chronic scizoaffective disorder, panic disorder with agoraphobia, cannabis and alcohol dependence, learning disabilities, and a conduct disorder. (T. 549, 553). She reported a marked to extreme loss in most sub-domains for acquiring and using information, an extreme loss in

9

most sub-domains in attending and completing tasks, and a moderate to extreme loss in the sub-domains for interacting and relating to others. (T. 550-51). She also indicated that K.M. was prescribed Abilify, Lithobid, and Seroquel; that he takes them regularly; and that they cause a decrease or resolution of his hallucinations. (T. 553). She states that K.M. does not go to school because he is "in residential." Finally, she states that he has severe limitations in cognitive abilities, executive functioning, and interpersonal relationships.

The second piece of additional evidence is an Individualized Education Program ("IEP") report from the Rochester City School District dated October 13, 2010. (T. 5, 554). The report states that K.M. "continues to present with significant social/emotional, behavioral, and anger management issues that adversely impact his ability to achieve academic and social success." (T. 556). Although K.M. would be in the 10th grade for the 2010-2011 school year, testing placed his equivalent grade levels as follows: composite reading (4.8), numerical operations (3.3), pseudoword decoding (2.9), reading comprehension (7.5), spelling (4.2), word reading (6.2), and written expression (5.8). (T. 557-58). Testing also revealed a full-scale IQ of 58. (T. 558). Finally, the report states that K.M. will continue to be classified as emotionally disturbed. (T. 559).

Since Dr. Fleischnick's statement indicates she began treating K.M. after the ALJ's decision and the IEP report was based on tests done in September 2010, the Appeals Council would have been within

10

its discretion to exclude the evidence as outside the relevant time period. In that case, the Appeals Council would have been required to notify the Plaintiff that the evidence was rejected and that a new application could be filed. See 20 C.F.R. § 416.1476(b)(1). However, the Notice of Appeals Council Action states that "we considered the additional evidence [] and found that this information does not provide a basis for changing the [ALJ's] decision." (T. 1-2). Nowhere does the Appeals Council mention that the evidence was rejected because it did not relate to the relevant period. In fact, since the evidence was accepted and entered it into the record, the Appeals Council must have determined that the evidence was new, material, and related to the relevant time period in order to be compliant with the regulations. See 20 C.F.R. §§ 416.1470(b), 416.1476(b)(1).

The Commissioner now asserts that this Court should not consider the additional evidence because it is outside the relevant time period. The Court finds, however, that if this evidence were excluded, Plaintiff would be prejudiced. First, she was led to believe that this evidence would be considered as supporting this claim; and second, there has now been more than a two-year delay when she should have received notice of her ability to file a new application. See SSR 11-1p (stating that after rejecting additional evidence, the filing date for a new claim may be considered the date the claimant requested review by the Appeals Council). Accordingly, I find that the additional evidence should be considered in reviewing the Commissioner's final determination.

11

**B.** ***The Appeals Council erred when it denied review without providing specific reasons why additional evidence from K.M.'s treating physician was rejected.***

Since the evidence submitted by the Plaintiff to the Appeals Council should have been considered, I find that the Appeal Council committed legal error in denying review without addressing why it rejected evidence from a treating medical source. When reviewing the record, the Appeals Council must follow the rules for considering opinion evidence. See 20 C.F.R. § 416.927(e)(3). The Appeals Council must give "good reasons" for the weight given to the opinion of a treating medical source. See 20 C.F.R. § 416.927(c)(2). It is legal error for the Appeals Council to accept additional information from a treating physician and then dismiss it without explanation. See Stadler v. Barnhart, 464 F. Supp. 2d 183, 187 (W.D.N.Y. 2006).

Dr. Fleischnick indicates that she has been involved with K.M.'s medical care since November 2009, seven months prior to completing her Medical Source Statement. (T. 549). During that time, she made additional diagnoses and prescribed additional medications. The Appeals Council's order admitting her statement refers to the document as "Medical Source Statement from Claimant's Treating Physician Dr. Fleischnick." The Appeals Council was therefore obligated to give specific reasons why a statement by K.M.'s treating physician was rejected in its denial of review. Accordingly, this Court finds that the Appeals Council committed legal error by summarily rejecting the evidence.

**C. *In light of the additional evidence, substantial evidence contained in the record demonstrates that K.M. is disabled.***

In evaluating an appeal from the Commissioner's denial of Social Security benefits, a reviewing court should consider the whole record. Williams on behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). Additional evidence accepted by the Appeals Council is part of that record, Perez, 77 F.3d at 45, and is relevant to "the extent that it relates to the time frame encompassed in the ALJ's decision," Baladi v. Barnhart, 33 F. App'x 562, 563-64 (2d Cir. 2002). If the Appeals Council declines review after accepting new evidence into the record, the Commissioner's final decision becomes the ALJ's decision plus the implicit rejection of the new evidence. Perez, 77 F.3d at 45. A reviewing court must then consider the substantiality of the ALJ's decision in light of the evidence that was considered by the ALJ and the additional evidence accepted by the Appeals Council. See id. If the additional evidence is consistent with the ALJ's findings, then the decision should be affirmed. See id. at 47. If the additional evidence undermines the ALJ's decision, then the case should be reversed or remanded. See Brown, 174 F.3d at 60, 65 (stating that conflicting evidence may indicate that the claimant's limitations were not sufficiently documented or worsened over time).

In this case, the additional evidence accepted by the Appeals Council undermines the ALJ's decision. The ALJ found that K.M. had severe impairments of ADHD and affective disorder; but with medication, he found a marked limitation in only one functional

13

domain. (T. 17, 21-26, 38). In light of the additional evidence provided by the Plaintiff, and particularly Dr. Fleischnick's statement and the IEP report, the record supports a finding of marked limitations in three domains and justifies an ultimate finding of disability. Accordingly, it would be improper under any standard for this Court to excuse the Appeals Council's failure to properly evaluate the additional evidence in a timely fashion as harmless error.

## CONCLUSION

For the reasons set forth above, this Court finds that the Commissioner's decision to deny benefits was not supported by substantial evidence in the record and contained errors of law. Moreover, a review of the record in its entirety reveals that the substantial evidence contained in the record supports a finding that K.M. suffered from a disability, and therefore is entitled to disability benefits. Accordingly, Plaintiff's motion is granted, and the Commissioner's motion is denied. This claim is remanded to the Commissioner for calculation and payment of benefits.

**ALL OF THE ABOVE IS SO ORDERED.**

S/Michael A. Telesca

_____

HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED: June 19, 2012
       Rochester, New York